IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GATOR STRONG, LLC and<br>GATOR STRONG NC, LLC,<br><br>Defendants. | CIVIL ACTION NO.:<br>7:25-cv 01267<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII) and Title I of the Civil Rights Act of 1991, as amended (CRA), to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Carrie Schaefer (Ms. Schaefer) who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission (the Commission) alleges Defendant Gator Strong, LLC violated Title VII by subjecting Ms. Schaefer to a hostile work environment based on her sex, female, and discharging her because of her sex. The Commission also alleges that Gator Strong NC, LLC has successor liability for damages caused by Gator Strong, LLC's unlawful conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345.

1

2. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII.

5. At all relevant times, Defendant Gator Strong, LLC, a South Carolina corporation, was authorized to conduct business in the State of North Carolina.

6. At all relevant times, Defendant Gator Strong, LLC operated facilities in Wilmington, North Carolina and Myrtle Beach, South Carolina.

7. At all relevant times, Defendant Gator Strong, LLC has continuously done business in the state of North Carolina and in New Hanover County, North Carolina.

8. At all relevant times, Defendant Gator Strong, LLC has continuously maintained at least fifteen (15) employees.

9. At all relevant times, Defendant Gator Strong, LLC has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

10. Defendant Gator Strong NC, LLC is a corporation formed under the laws of the State of North Carolina.

11. Upon information and belief, Defendant Gator Strong NC, LLC is a continuation

2

Case 7:25-cv-01267-BO-KS     Document 1     Filed 06/30/25     Page 2 of 12

of the same business, conducting the same or substantially similar business activities in the State of North Carolina, as Defendant Gator Strong, LLC, such that Defendant Gator Strong NC, LLC is a successor of Defendant Gator Strong, LLC.

12. Defendant Gator Strong NC, LLC is authorized to conduct business in the State of North Carolina.

13. Defendant Gator Strong NC, LLC operates a facility in Wilmington, North Carolina.

14. Defendant Gator Strong NC, LLC is doing business in the state of North Carolina and in New Hanover County, North Carolina.

15. Defendant Gator Strong NC, LLC has at least fifteen (15) employees.

16. At all times relevant to Defendant Gator Strong NC, LLC, Defendant Gator Strong NC, LLC has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

17. More than thirty (30) days prior to the institution of this lawsuit, Ms. Schaefer filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Gator Strong, LLC.

18. Defendant Gator Strong, LLC responded to Ms. Schaefer's Charge of Discrimination and participated in all aspects of the Commission's administrative investigation.

19. On March 31, 2025, the Commission issued a Letter of Determination to Defendant Gator Strong, LLC and Defendant Gator Strong NC, LLC as successor-in-interest to Defendant Gator Strong, LLC, providing notice to Defendants that the EEOC had found reasonable cause to believe Defendant Gator Strong, LLC violated Title VII.

3

20. The Commission invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

21. The Commission engaged in communications with Defendants to provide them with an opportunity to remedy the discriminatory practices described in the Letter of Determination.

22. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

23. By letter dated June 6, 2024, the Commission notified Defendants that conciliation had failed.

24. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

25. Defendant Gator Strong, LLC hired Ms. Schaefer as a full-time Office Manager in October 2022.

26. During her employment, Ms. Schaefer worked (and/or trained) at both Gator Strong locations, Wilmington, NC and Myrtle Beach, SC.

27. As described in greater detail below, beginning in October 2022 and continuing throughout Ms. Schaefer's employment with Defendant Gator Strong, LLC, Defendant Gator Strong, LLC engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-(2)(a) by subjecting Ms. Schaefer to a sexually hostile work environment and discharging her because of her sex.

## COUNT I:
## Hostile Work Environment Based on Sex

4

28. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 above.

29. During her employment with Gator Strong, LLC, Ms. Schaefer's supervisor was Defendant Gator Strong, LLC's Chief Operating Officer (COO).

30. The COO was a senior executive of Defendant Gator Strong, LLC with authority to hire and fire employees including Ms. Schaefer.

31. From on or about October 2022 through June 2023, the COO sexually harassed Ms. Schaefer and created a hostile work environment for Ms. Schaefer because of her sex.

32. The sexual harassment by the COO included, but was not limited to, the following:

   a. Unwelcome sexual comments about Ms. Schaefer's appearance;

   b. Hugging Ms. Schaefer in a sexual manner without her consent; and

   c. Telling Ms. Schaefer about his sexual preferences and describing intimate details about his sex life, including describing his previous relationships with women he referred to as "contractual submissives" and "sex slaves."

33. In or about April 2023, the COO left a manilla folder on Ms. Schaefer's desk marked "for your eyes only."

34. The manilla folder was discovered by Ms. Schaefer who opened it.

35. The manilla folder contained a document titled "Dominant / Submissive Contract" with the first sentence reading, "I _____ hereinafter referred to as 'Submissive,' do of my own free will, and being of sound mind and body, do hereby offer myself in consensual submission to [the COO], hereinafter referred to as the 'Master,' 'Sir' or 'Daddy.'"

36. The contract explained in explicit detail sexual acts and acts of punishment the "Submissive" could consent to, which the "Submissive" would then be required to perform the acts pursuant to the contract.

37. Shortly after Ms. Schaefer found the contract, the COO asked if she had gotten the folder.

38. Ms. Schaefer asked the COO to leave but he instructed Ms. Schaefer to go home, put something "sexy" on, pour herself a glass of wine, read the contract, and then report back to him the following day.

39. The next day, the COO again asked Ms. Schaefer if she had read the contract. When she said that she had not, the COO again told her to go home, pour a glass of wine and read it.

40. Between April 2023 and May 2023, the COO asked Ms. Schaefer whether she had read the contract on at least four occasions.

41. In late May 2023, the COO said to Ms. Schaefer, "I told you that you are to read [the contract] and get back to me."

42. In or about June 2023, after it became apparent to the COO that Ms. Schaefer would not engage in conversation about or enter into the contract, the COO's attitude toward Ms. Schaefer dramatically shifted and became hostile.

43. In June 2023 and continuing through the end of Ms. Schaefer's employment, the COO began unduly criticizing Ms. Schaefer, yelling at her, and unfairly blaming her for failing to complete tasks.

44. On or about June 22, 2023, Defendant Gator Strong, LLC, through the COO, fired Ms. Schaefer.

45. Upon information and belief, the COO's sexually harassing conduct was open, obvious, and known by Defendant Gator Strong LLC's employees and other managers.

46. Defendant Gator Strong, LLC knew or should have known about the COO's propensity for engaging in sexually inappropriate conduct toward other employees and knew or should have known about the sexual harassment of Ms. Schaefer.

47. Defendant Gator Strong, LLC failed to take prompt and effective action to stop the sexual harassment.

48. Defendant Gator Strong, LLC lacked effective policies and procedures to prevent and correct sexual harassment in the workplace.

49. Defendant Gator Strong, LLC lacked effective policies and procedures for victims of sexual harassment to register complaints.

50. Defendant Gator Strong, LLC did not conduct training on sexual harassment while Ms. Schaefer was employed, did not provide her with an employee handbook, and did not provide Ms. Schaefer with any information about how to file a complaint of sexual harassment. Nor did Defendant Gator Strong, LLC assure Ms. Schaefer in any way that she would not lose her job or experience other adverse treatment for making a complaint of sexual harassment.

51. The COO's sex-based comments and conduct were offensive and unwelcome to Ms. Schaefer.

52. The COO's sexual harassment of Ms. Schaefer was severe and pervasive, occurring almost daily.

53. Through the conduct and comments of the COO, Defendant Gator Strong, LLC subjected Ms. Schaefer to sexual harassment and created a sexually hostile work environment.

7

54. The unlawful practices complained of above deprived Ms. Schaefer of equal employment opportunities and have otherwise adversely affected her status as an employee because of her sex, female.

55. The unlawful practices complained of above were willful and intentional.

56. The unlawful practices complained of above were committed with malice or with reckless indifference to Ms. Schaefer's federally protected rights.

57. As a direct and proximate result of Defendant Gator Strong LLC's violations of Title VII, Ms. Schaefer suffered actual damages including, but not limited to humiliation, emotional distress, and loss of enjoyment of life.

## COUNT II:
## Discharge Because of Sex

58. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57 above.

59. On or about June 22, 2023, Defendant Gator Strong, LLC fired Ms. Schaefer.

60. Upon information and belief, the stated basis for the termination of Ms. Schaefer's employment is pretext for discharging Ms. Schaefer because she refused to discuss or enter into the COO's sex contract.

61. At all relevant times, Ms. Schaefer was performing her job duties at a level that met Defendant Gator Strong LLC's legitimate expectations.

62. Allegations that Ms. Schaefer was not meeting performance or conduct expectations were never raised with Ms. Schaefer until June 2023 after the COO became outwardly hostile to Ms. Schaefer because she refused his sexual advances.

63. Upon information and belief, allegations that Ms. Schaefer was not meeting performance or conduct expectations in June 2023 were generated by, at the direction of, or on behalf of the COO because Ms. Schaefer rejected his sexual advances.

64. Upon information and belief, Defendant did not follow the same progressive disciplinary process with Ms. Schaefer as it did with other employees.

65. The circumstances under which Ms. Schaefer was fired give rise to an inference of discrimination.

66. The practices complained of above are unlawful and in violation of Title VII.

67. The practices complained of above have deprived Ms. Schaefer of equal employment opportunities and have otherwise adversely affected her status as an employee because of her sex.

68. The practices complained of above were intentional.

69. The practices complained of above were conducted with malice or with reckless indifference to the federally protected rights of Ms. Schaefer.

70. As a direct and proximate result of Defendant Gator Strong, LLC's violation of Title VII, Ms. Schaefer suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## COUNT III:
## Successor Liability

71. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 70 above.

72. Upon information and belief, Defendant Gator Strong NC, LLC is a continuation of the North Carolina based operations of Gator Strong, LLC.

73. Upon information and belief, Defendant Gator Strong NC, LLC and Defendant Gator Strong, LLC share common ownership.

74. Upon information and belief, Defendant Gator Strong NC, LLC conducts the same or substantially the same business operations as Defendant Gator Strong, LLC.

75. Upon information and belief, Defendant Gator Strong NC, LLC continues to use the same business website and brand as Gator Strong, LLC.

76. Upon information and belief, Defendant Gator Strong NC, LLC is a successor to Defendant Gator Strong, LLC's North Carolina operations.

77. As successor to Defendant Gator Strong, LLC, Defendant Gator Strong NC, LLC is liable for the damages caused to Ms. Schaefer by Defendant Gator Strong, LLC's unlawful conduct.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants, from allowing sexual harassment in the workplace or hostile work environment based on sex in violation of Title VII and discriminating against individuals because of their sex.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendants to make Carrie Schaefer whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement to a position and/or front pay.

D. Order Defendants to make Carrie Schaefer whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

E. Order Defendants to make Carrie Schaefer whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendants to pay to Carrie Schaefer punitive damages for its willful, malicious, and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this day 30th day of June, 2025.

[SIGNATURES ON NEXT PAGE]

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, NE
Washington, D.C. 20507

MELINDA C. DUGAS
Regional Attorney
129 W. Trade Street
Charlotte, N.C. 28202

ZOE G. MAHOOD
Acting Assistant Regional Attorney

*/s/Nicholas Wolfmeyer*
Trial Attorney
Fl. Bar No. 127218
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 909-5623
Facsimile: (704) 954-6412
nicholas.wolfmeyer@eeoc.gov