IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 7:25-cv-01267-M

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GATOR STRONG, LLC AND GATOR STRONG NC, LLC,<br><br>Defendants. | ) | **ANSWER TO PLAINTIFF-INTERVENOR'S COMPLAINT** |

NOW COME Defendants, Gator Strong, LLC and Gator Strong NC, LLC and respond to Plaintiff-Intervenor's Complaint in Intervention as follows:

**FIRST DEFENSE**

Any conduct directed towards Plaintiff-Intervenor was neither sufficiently severe nor pervasive enough to establish an actionable claim for a hostile work environment.

**SECOND DEFENSE**

Plaintiff-Intervenor's employer exercised reasonable care to prevent and/or promptly address any harassing behavior, and Plaintiff-Intervenor unreasonably failed to take advantage of such preventative and/or corrective opportunities provided by her employer.

## THIRD DEFENSE

Plaintiff-Intervenor's termination was due solely to legitimate, non-discriminatory reasons.

## FOURTH DEFENSE

Gator Strong NC, LLC and Gator Strong, LLC are wholly distinct entities. Gator Strong NC, LLC is not a successor company to Gator Strong LLC and has never been Plaintiff-Intervenor's employer.

## FIFTH DEFENSE

Plaintiff-Intervenor's claim for damages is barred to the extent she has failed to mitigate her damages following her termination.

## SIXTH DEFENSE

Defendant Gator Strong NC, LLC does not have 15 or more employees.

## SEVENTH DEFENSE

Plaintiff-Intervenor's claims are barred to the extent they exceed the scope of her EEOC Charge, including, without limitation, the failure of the EEOC charge to name Gator Strong NC, LLC as a respondent.

## EIGHTH DEFENSE

If it is proven that Plaintiff-Intervenor's employer harbored any discriminatory motive, which is denied, any employment decisions regarding Plaintiff-Intervenor would have nevertheless been made in the same fashion.

## NINTH DEFENSE

Defendants plead good faith in defense of any claims asserted by Plaintiff-Intervenor, including but not limited to any claims for punitive damages.

## ANSWER

Defendants answer the allegations contained in the correspondingly numbered Paragraphs of Plaintiff-Intervenor's Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted that Plaintiff-Intervenor alleges that some of the practices at issue took place in North Carolina. Except as expressly admitted, denied.

4. Denied as stated.

5. Admitted that Gator Strong, LLC was a South Carolina Corporation authorized to do business in North Carolina. Except as expressly admitted, denied.

6. Admitted that Gator Strong, LLC operated facilities in Wilmington, NC and Myrtle Beach, NC. Except as expressly admitted, denied.

7. Admitted that Gator Strong, LLC has done business in New Hanover County, NC. Except as expressly admitted, denied.

8. Denied.

9. Denied.

10. Admitted.

11. Denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Admitted.

18. Admitted.

19. Defendants are without information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

20. Denied as stated.

21. Denied as stated.

22. Admitted.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

24. Denied.

25. Admitted.

26. Admitted.

27. Denied.

28. Defendants incorporate their answers to Paragraphs 1-27.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

43. Denied.

44. Admitted that the COO informed Plaintiff-Intervenor she was terminated. Denied that the COO made the decision to terminate her. Except as expressly admitted herein, denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Admitted that Gator Strong, LLC does not recall formal training on sexual harassment while Plaintiff-Intervenor was employed there. Except as expressly admitted, denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendants incorporate their answers to Paragraphs 1-57.

59. Admitted.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendants incorporate their answers to Paragraphs 1-70.

72. Denied.

73. Admitted that there was, at times, some degree of common ownership between Defendants. Except as expressly admitted herein, denied.

74. Denied.

75. Admitted that, for a period of time, Gator Strong NC, LLC used the same or similar branding as Gator Strong, LLC. Except as expressly admitted, denied.

76. Denied.

77. Denied.

**ALL ALLEGATIONS IN PLAINTIFF-INTERVENOR'S COMPLAINT NOT EXPRESSLY ADMITTED HEREIN ARE DENIED.**

WHEREFORE, Defendants pray:

1. That Plaintiff-Intervenor's Complaint be dismissed, with prejudice;

2. That Plaintiff-Intervenor recover nothing from Defendants;

3. That Defendants be awarded their reasonable costs and attorney's fees incurred in defending this lawsuit;

4. For a trial by jury on all issues so triable; and

5. For such other relief as may be warranted.

This, the 27th day of January, 2026.

CRANFILL SUMNER LLP

By: /s/ Benton L. Toups

BENTON L. TOUPS
N.C. State Bar No. 28910
5535 Currituck Drive, Suite 210
Wilmington, NC 28403
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
E-mail: btoups@cshlaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **ANSWER TO PLAINTIFF-INTERVENOR'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send a copy to all counsel as follows:

Nicholas Wolfmeyer
Equal Employment Opportunity Commission
129 West Trade Street, Suite 400
Charlotte, NC 28202
Nicholas.wolfmeyer@eeoc.gov
*Attorney for Plaintiff*

B. Danforth Morton
Ennis, Baynard, Morton, Medlin & Brown, PLLC
105 Burke Ave., Ste. E
Wilmington, NC 28403
dmorton@ennis-baynard.com
Attorney for Plaintiff-Intervenor

This, the 27th day of January, 2026.

CRANFILL SUMNER LLP

By: /s/ Benton L. Toups
BENTON L. TOUPS
N.C. State Bar No. 28910
5535 Currituck Drive, Suite 210
Wilmington, NC 28403
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
E-mail: btoups@cshlaw.com
*Attorney for Defendants*